## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONEGAL MUTUAL INSURANCE COMPANY A/S/O 1ST STATE COMFORT LLC, (COUNT 1), | No. _____ |
| ATLANTIC STATES INSURANCE COMPANY A/S/O 1ST STATE COMFORT LLC, (COUNT 2), | |
| Plaintiffs, | |
| v. | |
| UNITED STATES POSTAL SERVICE, | |
| Defendant, | |

## COMPLAINT

Plaintiffs Donegal Mutual Insurance Company a/s/o 1st State Comfort LLC, (hereinafter, "Donegal"), and Atlantic States Insurance Company a/s/o 1st State Comfort LLC (hereinafter, "Atlantic") allege as follows:

### Parties

1. Plaintiff Donegal is a foreign entity conducting the business of insurance in Delaware by and through Delaware law and licensing.

2. Plaintiff Atlantic is a foreign entity conducting the business of insurance in Delaware by and through Delaware law and licensing.

3.     1st State Comfort LLC (hereinafter "1st State") is a corporation duly licensed to perform services in Delaware.

4.     Defendant United States Postal Service (hereinafter, "Postal Service") is an agency of the United States.  Service of process on Defendant may be made through its general counsel, 475 L'Enfant Plaza SW, Washington, DC 20260.

## Jurisdiction and Venue

5.     The Court has subject matter jurisdiction over this case, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et. seq.*, as this matter involves claims arising out of a motor vehicle accident with a Postal Service employee committing negligent or wrongful acts or omissions while acting within the scope of his office or employment. Further, the District Court has exclusive jurisdiction over suits against the United States, pursuant to 28 U.S.C. § 1346(b).

6.     The Court has personal jurisdiction over each party, as the claims are based on a motor vehicle accident that occurred within the State of Delaware, and the motor vehicle accident forms substantial contact with the State of Delaware. Further, the Postal Service has purposefully availed itself of the privileges of conducting business within the State of Delaware and in this judicial district.

7.     Venue is proper under 28 U.S.C. §§ 1391(b)(2) as a substantial part of the events giving rise to the claim occurred within the State of Delaware.

## Factual Background

8. At all times relevant to this litigation, Donegal provided insurance coverage to 1st State and its motor vehicles.

9. At all times relevant to this litigation, Atlantic provided insurance coverage to 1st State.

10. Upon information and belief, on or around August 10, 2020, 1st State employee Robert Carotenuto (hereinafter, "Carotenuto") was operating a 1st State owned vehicle in the scope and course of his employment with 1st State on Laurel Road near Laurel Municipality in Sussex County, Delaware with 1st State employee James Burnett (hereinafter, "Burnett") as a passenger acting in the scope and course of his employment with 1st State.

11. Driving in the opposite direction was a Postal Service employee, Remminald Stephens (hereinafter, "Stephens"), operating a delivery truck owned by Defendant in the course and scope of his employment with Defendant upon information and belief.

12. Suddenly and without warning, Stephens caused the Postal Service delivery truck to cross the center line of the subject road.

13. Carotenuto took evasive action, but was unable to avoid a head-on collision with the Postal Service delivery truck.

14. The motor vehicle accident was proximately caused by the negligence of Stephens.

15. Stephens, was negligent in that he:

   a. Failed to maintain a proper lookout, in violation of 21 Del. C. §4176(a);

   b. Operated his vehicle in a careless manner, in violation of 21 Del. C. §4176(a);

   c. Operated his motor vehicle in an imprudent manner, in violation of 21 Del. C. §4176(a);

   d. Operated his vehicle without due regard for road and traffic conditions then existing, in violation of 21 Del. C. §4176(a);

   e. Failed to give his full time and attention to the operation of his motor vehicle, in violation of 21 Del. C. §4176(b); and

   f. As otherwise will be revealed through discovery in the case.

16  Defendant Postal Service was negligent in entrusting its vehicle to driver Stephens when it knew or should have known that he would not operate the motor vehicle in a safe manner in compliance with the laws of the State of Delaware.

17   Defendant Postal Service is also liable under the doctrine of *respondeat superior* for Stephens' negligent conduct to the extent he was employed by, and was an agent of the Postal Service, and was acting within the scope and course of his employment with Postal Service at any/or all times pertinent hereto.


15. Stephens, was negligent in that he:

    a. Failed to maintain a proper lookout, in violation of 21 Del. C. §4176(a);

    b. Operated his vehicle in a careless manner, in violation of 21 Del. C. §4176(a);

    c. Operated his motor vehicle in an imprudent manner, in violation of 21 Del. C. §4176(a);

    d. Operated his vehicle without due regard for road and traffic conditions then existing, in violation of 21 Del. C. §4176(a);

    e. Failed to give his full time and attention to the operation of his motor vehicle, in violation of 21 Del. C. §4176(b); and

    f. As otherwise will be revealed through discovery in the case.

16  Defendant Postal Service was negligent in entrusting its vehicle to driver Stephens when it knew or should have known that he would not operate the motor vehicle in a safe manner in compliance with the laws of the State of Delaware.

17   Defendant Postal Service is also liable under the doctrine of *respondeat superior* for Stephens' negligent conduct to the extent he was employed by, and was an agent of the Postal Service, and was acting within the scope and course of his employment with Postal Service at any/or all times pertinent hereto.

18. As a proximate result of the aforementioned negligence of Stephens and Postal Service, Carotenuto sustained personal injuries.

19. As a proximate result of the aforementioned negligence of Stephens and Postal Service, Burnett sustained personal injuries.

20. As a proximate result of the aforementioned negligence of Stephens and Postal Service, 1st State sustained damage to its motor vehicle.

## COUNT I

21. Plaintiffs incorporates paragraphs 1-20 as if stated herein.

22. As a proximate result of the subject accident and the negligence of Stephens and Postal Service, Donegal provided insurance benefits to 1st State in the following amounts, as of the date of this Complaint:

  a. Property Damage benefits to 1st State vehicle: $22,681.65, plus $500 deductible paid by its insured;
  b. Personal Injury Protection benefits to 1st State Employee Carotenuto: $151,419.51;
  c. Personal Injury Protection benefits to 1st State Employee Burnett: $28,614.79;

23. Donegal has a right to be reimbursed for the expenses it incurred as a result

of the negligence of other parties.

24. Donegal's payments of insurance benefits to 1st State are potentially ongoing.

WHEREFORE, Plaintiff Donegal Mutual Insurance Company demands judgment in its favor and against Defendant United States Postal Service in an amount no less than $203,215.95, together with interest, costs and other such relief as this Honorable Court deems just and proper under the circumstances.

## Count II

25. Plaintiff incorporates paragraphs 1-20 as if stated herein.

26. As a proximate result of the subject accident and the negligence of Stephens and Postal Service, Atlantic paid Worker's Compensation benefits to 1st State employee Burnett in the amount of $10,108.16.

27. The aforesaid amount was eligible to be paid by 1st State's personal injury protection carrier, Donegal (a related entity to Atlantic).

28. Atlantic stands in the shoes of Donegal pursuant to 21 *Del. C.* § 2118 for purposes of this subrogation action.

29. Atlantic has a right to be reimbursed for the expenses it incurred as a result of the negligence of other parties.

30. Atlantic's payments of insurance benefits to 1st State are potentially ongoing.

WHEREFORE, Plaintiff Atlantic States Insurance Company demands judgment in its favor and against Defendant United States Postal Service in an amount no less than $10,108.16, together with interest, costs and other such relief as this Honorable Court deems just and proper under the circumstances

**REGER RIZZO & DARNALL LLP**

*/s/ Seth H. Yeager, Esquire*
Seth H. Yeager, Esquire (#5549)
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE  19803
Phone: (302) 477-7100
Fax: (302) 652-3620
Email: syeager@regerlaw.com
Attorney for Donegal Mutual Insurance Company and Atlantic States Insurance Company

Dated: April 5, 2022