# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONEGAL MUTUAL INSURANCE COMPANY A/S/O 1ST STATE COMFORT LLC, (COUNT 1), | No. 1:22-cv-00456-MN |
| ATLANTIC STATES INSURANCE COMPANY A/S/O 1ST STATE COMFORT LLC, (COUNT 2), | |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## FIRST AMENDED COMPLAINT

Plaintiffs Donegal Mutual Insurance Company a/s/o 1st State Comfort LLC, (hereinafter, "Donegal"), and Atlantic States Insurance Company a/s/o 1st State Comfort LLC (hereinafter, "Atlantic") allege as follows:

### Parties

1. Plaintiff Donegal is a foreign entity conducting the business of insurance in Delaware by and through Delaware law and licensing.

2. Plaintiff Atlantic is a foreign entity conducting the business of insurance in Delaware by and through Delaware law and licensing.

3.      1st State Comfort LLC (hereinafter "1st State") is a corporation duly licensed to perform services in Delaware.

4.      At all relevant times, the defendant, the United States of America, acted through its agency, United States Postal Service ("Postal Service").

## Jurisdiction and Venue

5.      This action is brought pursuant to the Federal Tort Claims Act 28 U.S.C. §§ 1346(b); 2671 *et. seq.*, against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

6.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1391 (e)(1) because the United States is a defendant.

## Factual Background

7.      At all times relevant to this litigation, Donegal provided insurance coverage to 1st State and its motor vehicles.

8.      At all times relevant to this litigation, Atlantic provided insurance coverage to 1st State.

9.      Upon information and belief, on or around August 10, 2020, 1st State employee Robert Carotenuto (hereinafter, "Carotenuto") was operating a 1st State owned vehicle in the scope and course of his employment with 1st State on Laurel Road near Laurel Municipality in Sussex County, Delaware with 1st State

employee James Burnett (hereinafter, "Burnett") as a passenger acting in the scope and course of his employment with 1st State.

10. Driving in the opposite direction was a Postal Service employee, Remminald Stephens (hereinafter, "Stephens"), operating a delivery truck owned by the <u>Postal Service</u> in the course and scope of his employment <u>and/or agency</u> with the <u>Postal Service</u> upon information and belief.

11. Suddenly and without warning, Stephens caused the Postal Service delivery truck to cross the center line of the subject road.

12. Carotenuto took evasive action, but was unable to avoid a head-on collision with the Postal Service delivery truck.

13. The motor vehicle accident was proximately caused by the negligence of <u>United States of America.</u>

14. <u>United States of America, through its agency/agent Postal Service/Stephens,</u> was negligent in that <u>Stephens</u>:

    a. Failed to maintain a proper lookout, in violation of 21 Del. C. §4176(a);

    b. Operated <u>its</u>/his vehicle in a careless manner, in violation of 21 Del. C. §4176(a);

    c. Operated <u>its</u>/his motor vehicle in an imprudent manner, in violation of 21 Del. C. §4176(a);

  d. Operated <u>its/</u>his vehicle without due regard for road and traffic conditions then existing, in violation of 21 Del. C. §4176(a);

  e. Failed to give <u>its/</u>his full time and attention to the operation of his motor vehicle, in violation of 21 Del. C. §4176(b); and

  f. As otherwise will be revealed through discovery in the case.

15. <u>United States of America, through its agency, Postal Service, was negligent in entrusting a motor vehicle to Stephens when it knew or should have known that he would not operate the motor vehicle in a safe manner in compliance with applicable laws/regulations.</u>

16. <u>United States of America, through its agency, Postal Service, is also liable under the doctrine of *respondeat superior* for Stephens' negligent conduct to the extent he was acting as defendant's and/or Postal Service's employee and/or agent at any/or all times pertinent hereto.</u>

17. As a proximate result of the aforementioned negligence of Stephens, Postal Service <u>and United States of America</u>, Burnett sustained personal injuries.

18. As a proximate result of the aforementioned negligence of Stephens, Postal Service and <u>United States of America</u>, 1st State sustained damage to its motor vehicle.

**COUNT I**

19.  Plaintiffs incorporates paragraphs 1-18 as if stated herein.

20.  As a proximate result of the subject accident and the negligence of Stephens and Postal Service, and United States of America, Donegal provided insurance benefits to 1st State in the following amounts, as of the date of this Complaint:

   a. Property Damage benefits to 1st State vehicle: $22,681.65, plus $500 deductible paid by its insured;

   b. Personal Injury Protection benefits to 1st State Employee Carotenuto: $151,419.51;

   c. Personal Injury Protection benefits to 1st State Employee Burnett: $28,614.79;

21.  Donegal has a right to be reimbursed for the expenses it incurred as a result of the negligence of other parties.

22.  Donegal's payments of insurance benefits to 1st State are potentially ongoing.

WHEREFORE, Plaintiff Donegal Mutual Insurance Company demands judgment in its favor and against Defendant United States of America in an amount no less than $203,215.95, together with interest, costs and other such relief as this Honorable Court deems just and proper under the circumstances.

## Count II

23. Plaintiff incorporates paragraphs 1-18 as if stated herein.

24. As a proximate result of the subject accident and the negligence of Stephens and Postal Service, and United States of America, Atlantic paid Worker's Compensation benefits to 1st State employee Burnett in the amount of $10,108.16.

25. The aforesaid amount was eligible to be paid by 1st State's personal injury protection carrier, Donegal (a related entity to Atlantic).

26. Atlantic stands in the shoes of Donegal pursuant to 21 *Del. C.* § 2118 for purposes of this subrogation action.

27. Atlantic has a right to be reimbursed for the expenses it incurred as a result of the negligence of other parties.

28. Atlantic's payments of insurance benefits to 1st State are potentially ongoing.

WHEREFORE, Plaintiff Atlantic States Insurance Company demands judgment in its favor and against Defendant United States of America in an amount no less than $10,108.16, together with interest, costs and other such relief as this Honorable Court deems just and proper under the circumstances

**REGER RIZZO & DARNALL LLP**

*/s/ Seth H. Yeager, Esquire*
Seth H. Yeager, Esquire (#5549)
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE  19803
Phone: (302) 477-7100
Fax: (302) 652-3620
Email: syeager@regerlaw.com
Attorney for Donegal Mutual Insurance Company and Atlantic States Insurance Company

Dated: May 18, 2022