IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONEGAL MUTUAL INSURANCE COMPANY A/S/O 1ST STATE COMFORT LLC and ATLANTIC STATES INSURANCE COMPANY A/S/O 1ST STATE COMFORT LLC,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 22-456 (MN)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Martin D. Page, REGER RIZZO & DARNALL LLP, Wilmington, DE – Attorney for Plaintiffs.

Shamoor Anis, U.S. ATTORNEY'S OFFICE, Wilmington, DE – Attorney for Defendant.

March 27, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**:

Presently before the Court is Defendants' Motion for Partial Dismissal, seeking dismissal of Plaintiff Donegal Mutual Insurance Company's personal injury protection claims. (D.I. 31).[1] The motion has been fully briefed. (D.I. 37, 40). For the reasons set forth below, the Court GRANTS the motion.

I. **BACKGROUND**

On March 8, 2021, Plaintiff Donegal Mutual Insurance Company ("Donegal") submitted a Standard Form-95 Claim for Damage, Injury, or Death ("SF-95") to the United States Postal Service ("USPS") seeking $23,181.65 in property damage for reimbursement of insurance proceeds paid out as a result of an August 10, 2020 motor vehicle accident involving a postal service delivery truck. (D.I. 31, Ex. A). On April 6, 2022, having received no final administrative determination regarding that claim, Donegal and Atlantic States Insurance Company ("Atlantic"), both a/s/o 1st State Comfort LLC (collectively, "Plaintiffs"), filed a Complaint against USPS pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. ("FTCA") seeking reimbursement of insurance proceeds paid out as a result of that incident. (*See* D.I. 1).

Plaintiffs filed their First Amended Complaint on May 18, 2022. (D.I. 5). That complaint contained two counts: Count I as to Donegal seeking reimbursement of $203,215.95 in property damage ($23,181.65) and personal injury protection ("PIP") benefits ($180,034.30); and Count II

---

[1] In the same motion, (D.I. 31), Defendants also sought dismissal of Karen Carotenuto's claims and substitution of the United States for Defendants United States Postal Service and Remminald Stephens (Defendants in C.A. No. 22-cv-1029-MN, which was consolidated with this case on October 25, 2002, at the parties' request). (D.I. 25 & 26). Plaintiffs did not oppose these requests and the Court granted them on March 30, 2023 (D.I. 39) and March 22, 2023 (D.I. 36), respectively.

Because the United States has been substituted for all defendants in this case, "Defendant" or "the government" is used when referring to that party.

as to Atlantic seeking reimbursement of $10,108.16 in worker's compensation benefits. (*Id*.). Defendant sought partial dismissal of this complaint, specifically the PIP subrogation and worker's compensation claims. (D.I. 7). This Court granted that motion on August 24, 2022 on the ground that Plaintiffs failed to exhaust their administrative remedies and therefore, the Court lacked jurisdiction over the claims at issue. (D.I. 14).

At this point, the operative complaint is the Third Amended Complaint, docketed on February 16, 2023.[2] Like the First Amended Complaint, this complaint includes two counts pertaining to Plaintiffs' claims for reimbursement. Here, however, Donegal seeks total damages of $292,135.88, comprised of $23,181.65 in property damages and $268,954.23 in PIP benefits. (D.I. 30). Defendant again seeks dismissal of Donegal's PIP claims. (D.I. 31).

II.     **LEGAL STANDARDS**

    A.     **SUBJECT MATTER JURISDICTION**

A Rule 12(b)(1) motion may be either facial or factual. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). Here, the Court is reviewing a factual attack to its jurisdiction. (D.I. 31 at 2). In reviewing a factual attack, the Court "may weigh and 'consider evidence outside the pleadings.'" *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). Thus, the Court will consider the SF-95 forms (D.I. 31, Ex. A; D.I. 37, Ex. B), the declaration of Kimberly A. Herbst (D.I. 31, Ex. B), and the USPS May 11, 2022 denial letter (D.I. 31, Ex. D) attached to the parties' briefs because they directly relate to whether this Court has jurisdiction.

---

[2]    Donegal filed a Second Amended Complaint on October 17, 2022. (D.I. 22). On October 25, 2022, the Court granted the parties' request for a stay. (D.I. 25 & 26). Again at the parties' request, on February 16, 2023, the Court lifted the stay and docketed the Third Amended Complaint. (D.I. 27, 28, 29, 30).

2

      B.      **FEDERAL TORT CLAIMS ACT**

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). The Federal Tort Claims Act ("FTCA") provides the exclusive remedy for alleged tortious conduct by agents or employees of the United States. 28 U.S.C. § 2679(b)(1); *United States v. Smith*, 499 U.S. 160, 163 (1991) ("[A]n FTCA action against the Government [is] the exclusive remedy for torts committed by Government employees in the scope of their employment."). As with all waivers of sovereign immunity, the FTCA must be strictly construed in favor of the federal government and not enlarged beyond the language of the statute. *See United States v. Idaho ex rel. Dir., Dep't of Water Res.*, 508 U.S. 1, 7 (1993).

Pursuant to the FTCA, "[a]n action shall not be instituted upon a claim against the United States" for damages "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a); *see also id.* ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). The Third Circuit has held that "[i]n light of the clear, mandatory language of the statute, and [the court's] strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). Thus, "[i]f a claimant fails to exhaust this administrative remedy, the district court lacks subject matter jurisdiction to adjudicate the claim." *Mulvena v. United States*, 2019 WL 6037670, at *2 (D. Del. Nov. 14, 2019) (citing *Lightfoot v. United States*, 564 F.3d 625, 626–27 (3d Cir. 2009)).

3

### III.   DISCUSSION

#### A.   DONEGAL'S MARCH 8, 2021 SF-95 AND THIS ACTION

Donegal initially submitted an SF-95 for the $23,181.65 property damage claim on March 8, 2021 ("initial SF-95"). (D.I. 31, Ex. A). Plaintiffs previously conceded "that administrative claims were not submitted to the USPS related to the personal injury protection . . . claims" prior to filing suit. (D.I. 12 at 2-3).

> Pursuant to the FTCA:
>
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). This requirement "is jurisdictional and cannot be waived." *Rosario v. Am. Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir. 1976).

Donegal did not present its personal injury protection claim to the appropriate federal agency prior to instituting this action, thus the Court lacked jurisdiction over those claims and dismissed them. (D.I. 14). As discussed below, because Donegal failed to timely or properly amend its administrative claim to include Donegal's PIP claims, the Court continues to lack jurisdiction over these claims and again must dismiss them.

#### B.   DONEGAL'S AUGUST 5, 2022 SF-95s

On August 5, 2022, Donegal submitted two additional SF-95s ("additional SF-95s"). (D.I. 37, Ex. B). Those SF-95s concerned the same August 10, 2020 incident as the initial SF-95, but included only personal injury claims, whereas the initial SF-95 included only property damage

claims. The additional SF-95s list personal injury damages in the amounts of $35,264.79 and $232,406.77 for PIP payments to the insured's employees.

Defendant argues that these additional SF-95s were untimely amendments of Donegal's initial SF-95. Donegal responds that the additional SF-95s "were not an amendment to" the initial SF-95, (D.I. 37 at 3), but rather relate to "two sets of claims [that] are distinct and differ drastically for purposes of claim accrual under the FTCA." (*Id.* at 1). Pursuant to 39 C.F.R. § 912.5(b), an administrative claim against USPS "may be amended by the claimant at any time prior to:

> (1) The claimant's exercise of the option to file a civil action pursuant to 28 U.S.C § 2675(a);
> (2) The Postal Service's issuance of a payment in the full amount of the claim; or
> (3) The Postal Service's issuance of a written denial of the claim in accordance with § 912.9."

39 C.F.R. § 912.5(b); *see also* 28 C.F.R. § 14.2(c) ("A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. § 2675(a)."). Thus, if the additional SF-95s are amendments to the claim made in the initial SF-95, they would be untimely because Plaintiffs filed suit in this Court before submitting them. *See* 39 C.F.R. § 912.5(b)(1). Instead, Donegal argues that the additional SF-95s should be considered distinct new claims.

Donegal argues that the claims are distinct because although its "property damage subrogation claim accrued at or near the time of the subject loss," its "PIP subrogation claims accrued when it made its last PIP payments to [insured's employees]." (D.I. 37 at 7). This argument is unavailing. For purposes of an FTCA claim, "a claim accrues when the injured party learns of the injury and its immediate cause." *Zeleznik v. United States*, 770 F.2d 20, 23 (3d Cir. 1985); *see also* 32 C.F.R. § 750.26(c) (emphasis added) ("A claim is a notice in writing to the appropriate Federal agency of *an incident* giving rise to Government liability under the FTCA.").

5

Multiple SF-95s based on the same incident do not present distinct claims even if the claimed type of injury in each SF-95 is different. *See Broussard v. United States*, 52 F.4th 227, 230 (5th Cir. 2022). Further, every SF-95 plainly states that "[i]f claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form." (*E.g.*, D.I. 31, Ex. A at 2). It is uncontested that Donegal learned of the incident giving rise to the claims before submitting its initial SF-95 and before commencing this suit and it offers no authority in support of its argument that the multiple SF-95s, despite arising out of the same incident, present distinct claims for purposes of the FTCA.[3] Thus, the Court finds that the additional SF-95s are amendments to the initial claim because they arise out of the same incident.

Donegal seems to contend that it did not (and could not) know the full extent of its PIP subrogation claims until it made its last PIP payments to the insured's employees.[4] Accordingly, Donegal argues that it would be "illogical" and uncontemplated by the FTCA for a subrogee to have to wait to present all of its claims at the same time or submit and then amend pursuant to 39 C.F.R. 912.5(b). (D.I. 37 at 7-8). The FTCA does allow for an action to be instituted for an amount greater than that presented to the federal agency, but only "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the

---

[3] In fact, Donegal admits that its argument is inconsistent with a ruling from another court in this district, that a PIP subrogation claim accrued when an insurer "learned of the injury caused by USPS[.]" Rather than provide contrary authority, and the Court has found none, Donegal "challenges" that court's interpretation. (D.I. 37 at 7 n.1 (citing *State Farm Mut. Auto. Ins. Co. v. United States*, 2008 WL 2019364, *2 (D. Del. May 9, 2008)).

[4] Donegal submitted its initial SF-95 approximately seven months after the August 10, 2020 incident, long before the statutory period under the FTCA would have expired. *See* 28 U.S.C. § 2401(a) (providing that a tort claim against the United States must be presented to the appropriate federal agency within two years after the claim accrues); *see also Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 271 (3d Cir. 2006) (noting that generally an FTCA claim accrues at the time of injury). Thus, it could have submitted its initial claim later or waited to initiate this suit to allow for proper amendment of its claim.

6

claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). The burden is on the plaintiff to show one of the exceptions in § 2675(b) applies. *See Schwartz v. United States*, 446 F.2d 1380, 1381 (3d Cir. 1971). Donegal, however, provides nothing more than general statements about subrogation claims. (*See, e.g.*, D.I. 37 at 7 ("Insurers commonly pay PIP benefits to its insureds for many years after a loss and potentially can extend past the FTCA's limitation periods which would apply to property damage subrogation claims.")). Thus, Donegal has failed to demonstrate that the PIP claims in this suit are based on "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency" or "intervening facts" and its attempt to either amend or seek relief for a greater amount than it initially presented to USPS fails. *See* 28 U.S.C. § 2675(b).

Additionally, allowing parties to submit multiple claims arising from the same incident (what Donegal advocates) is inconsistent with the FTCA's "sum certain" requirement, which "enables the agency head to determine whether the claim can legally be settled by the agency and, if so, from where the payment should come." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 459 (3d Cir. 2010) (citing 28 U.S.C. § 2672). Moreover, permitting submission of serial claims frustrates "Congress's purpose in requiring administrative presentment, which is to encourage the settlement of meritorious claims." *Id.* Contrary to Donegal's arguments, "one bite at the apple is all that the FTCA's claim-filing scheme allows." *Román-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010). The FTCA, which provides a limited exception to sovereign immunity and must be strictly construed, therefore limits this Court's jurisdiction to the amount of damages initially presented to USPS, which excludes Donegal's PIP claims.

### C.     JUDICIAL ESTOPPEL AND THE LAW OF THE CASE DOCTRINE

Donegal argues that because the Court dismissed an earlier partial motion to dismiss without prejudice (D.I. 14) and granted leave to amend Plaintiffs' complaint (*see* D.I. 21), Defendant is judicially estopped from challenging Donegal's PIP claims and the Court is otherwise bound by the law of the case doctrine. The Court disagrees on both accounts.

Judicial estoppel is to be invoked sparingly, as it is "not intended to eliminate all inconsistencies," but instead is "appropriate when the inconsistent positions are 'tantamount to a knowing misrepresentation to or even a fraud on the court.'" *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 319, 324 (3d Cir. 2003) (citation omitted). The doctrine may be imposed only if: (1) the party to be estopped is asserting a position that is irreconcilably inconsistent with one he or she asserted in a prior proceeding; (2) the party changed his or her position in bad faith, i.e., in a culpable manner threatening to the court's authority or integrity; and (3) the use of judicial estoppel is tailored to address the affront to the court's authority or integrity. *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779–80 (3d Cir. 2001).

Here, the prerequisites for judicial estoppel have not been met. First, the government has taken no two positions that are irreconcilably inconsistent. In its first partial motion to dismiss, it sought to dismiss certain of Plaintiffs' claims for failure to exhaust administrative remedies. (D.I. 7). Donegal argues that because the government previously acknowledged that Donegal's property damage and PIP subrogation claims are independent from each other, it cannot now argue that Donegal's additional SF-95s are duplicative. (D.I. 37 at 9). The government points out, however, that the administrative claims (the additional SF-95s) are duplicative because they arise from the same incident; it does not contest that Donegal's claims relate to independent causes of action. (D.I. 40 at 7). Accordingly, the Court cannot find that Defendant took an irreconcilably

8

inconsistent position, let alone one that is indicative of culpable conduct vis-à-vis the Court. *See Montrose Med. Grp. Participating Sav. Plan*, 243 F.3d at 781 (explaining that a litigant acts in "bad faith" for judicial estoppel purposes only if he behaves in a matter that is somehow culpable vis-à-vis the court). Therefore, there is no affront to the Court's authority that judicial estoppel would be used to address, and the Court will not impose it here.

Donegal also argues that Defendant's arguments "run afoul of the law of the case doctrine." (D.I. 37 at 10). It asserts that because the Court dismissed Donegal's PIP subrogation claims without prejudice, its claims were not "forever barred on jurisdictional grounds" and it was free to exhaust its administrative remedies. *Id.* Because subject matter jurisdiction cannot be waived, a party may challenge, and the Court may revisit, jurisdiction at any time. *See* Fed. R. Civ. P. 12(h)(3). Once the Court determines it lacks jurisdiction, which is the case here, it must dismiss the action.

## IV.   CONCLUSION

For the foregoing reasons, the United States of America's Motion for Partial Dismissal (D.I. 31) is GRANTED. An appropriate order follows.